UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL ACTION NO. 6:26-cr-02-KKC-EBA

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

PAMELA DENISE SARGENT                                       DEFENDANT

---

## SENTENCING MEMORANDUM

---

Comes the Defendant, Pamela Sargent, by and through counsel, and files the following memorandum to aid the Court in determining her appropriate sentence. The Defendant did not have any substantive objections to the presentence report that would impact the guideline calculations. Any case that involves production of child pornography is, to say the least, difficult to comprehend. However, in this case, this particular Defendant has characteristics circumstances that support the Court considering a sentence below the guideline range.

NATURE OF THE CASE

18 U.S.C. § 3553(a) guides the Court in determining the appropriate sentencing and among the factors the Court is to consider is the nature of the offense. There is no denying this is a heinous offense. Pamela Sargent admitted to making and sending videos of her having sexual contact with her grandchildren. The presentence report details the nature of these videos and the victim impact statement filed by the child victims' mother (the Defendant's daughter) which gives insight into the depth of the impact Pamela's actions.

HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Pamela understands that these actions require a significant punishment. However, it is

Pamela's inability to properly understand and perceive events offer some understanding as to what led her to engage in the behavior she did.

Pamela grew up in rural Eastern Kentucky, spending her life in close proximity to her family. It is apparent that her family looked out for her as Pamela had learning problems in school and around the house. She had responsibilities growing up: she fed the family chickens and horses. Her grandfather owns a larger tract of property on which he raised a garden, some chickens, and owned a few horses for recreation. Pamela had her first child with a man she was not married to and she described as controlling. She left that relationship and married her current spouse, who is seventeen years older than her. They remain together and have two children together. They lived right next to her grandfather and mother until her arrest, although her mother died in 2006. The relationships Pamela had with the fathers of her children suggest an immaturity that required her to seek a partner that could fulfill a parental-type role.

As the Court is aware, the undersigned raised the issue of competency and Pamela was evaluated by two psychologists. After a hearing, the Court concluded she was competent to stand trial and the Defendant does not dispute that. However, the evaluations of both doctors revealed a significant intellectual disability. Dr. Jenkins, with the Federal Bureau of Prisons, measured her Full-Scale IQ at 51. Both doctors indicated they repeated questions several times on occasion so that she could understand what was being asked. This low level of intellectual functioning, coupled with Pamela's immaturity and shielded upbringing, makes her susceptible to exploitation. One can see how she could easily be taken advantage of in financial dealings.

In this case, from the time she spoke with investigators to the present, she has indicated she felt like she was forced to cooperate with the person requesting these videos and images. She said the person, who turned out to be in St. Louis, threatened to harm her and her family if she

didn't comply. Someone of average or above intellectual ability would most likely understand that a random person online is unlikely to be able to cause any harm. However, she believed that if she didn't do these horrible things, harm would come to her or her loved ones.

APPROPRIATE SENTENCE

This is not an attempt to lessen the severity of what she did. However, in considering her history and her intellectual characteristics, a sentence of below thirty (30) years will accomplish the goals of sentencing in her case. Truly, a sentence of fifteen (15) years would accomplish that in her situation. She has learned that there are significant consequences to her actions. She has learned that this type of behavior hurts the children involved, the family, and the community. She has already been shunned by much of her family and most of her neighbors. A sentence of fifteen years will reinforce the idea that this can never be done again. A lifetime of supervision following release will also reinforce that idea. Some Defendants we come across in these cases are truly monsters that do not deserve to ever be released from prison. The records regarding Ms. Sargent show someone who has done some unbelievable things. But they also show that she is someone who truly did not grasp the entirety of the situation. They show a person who is amenable to treatment and would benefit from supervision upon release.

The Court can sentence Ms. Sargent to up to sixty (60) years in prison, based on the two counts to which she entered a guilty plea. However, it is our position that any amount of time over the minimum fifteen (15) years is unnecessary to accomplish the goals of 18 U.S.C. § 3553(a) in her specific situation. If she is released from prison during her lifetime, as she is 44 years of age and in less than perfect health, Ms. Sargent will not be a problem. Supervision by the probation office will reinforce that assurance.

WHEREFORE, the Defendant asks the Court to sentence her to fifteen (15) years in

prison, with a lifetime of supervision to follow. She is indigent, so we ask that no fine be imposed or assessments that are not mandatory. She understands that there is restitution to be paid. She also would like to the Court to recommend placement at Alderson in West Virginia. A sentence of this nature would be sufficient but not more than necessary.

/s/ Patrick E. O'Neill
PATRICK E. O'NEILL
1029 College Ave Ste 101
Jackson, Kentucky 41339
Phone: (606) 666-2990
Fax: (606) 666-9084
Email: peoneill@turneroneill.com
ATTORNEY FOR PAMELA SARGENT

## CERTIFICATE OF SERVICE

I certify that on this the 6th day of July 2026, I filed this document using the CM/ECF system which will send notice of electronic filing to counsel of record.

/s/ Patrick E. O'Neill
ATTORNEY FOR DEFENDANT